SAMUEL L. ETTLINGER, Plaintiff, *v.* THE IMPORTERS AND EXPORTERS INSURANCE COMPANY OF NEW YORK, Defendant.*

Municipal Court of New York, Borough of Manhattan, Sixth District, September 29, 1930.

*Geza Eichhorn,* for the plaintiff.

*Davies, Auerbach & Cornell* [*William J. Walker* of counsel], for the defendant.

PRINCE, J. The plaintiff lost two removable dental bridges. The defendant had issued to the plaintiff the usual tourist's policy. The sole question presented here is whether the policy covers the loss. " Personal effects usually carried by tourists and travellers, including personal jewelry and/or personal furs " are insured. No case is cited where the question was decided.

The plaintiff asserts that removable teeth are personal effects. The defendant urges that teeth, whether permanent or removable, are annexed to the anatomy, and whilst part of the person are not an " effect."

All of the words in the policy, so far as possible, must be given meaning. If *all* personal effects were insured, the policy would cover the loss. False teeth are intimate effects of the person. Their use is quite usual. That they are not worn by all does not render their use " unusual." Few personal effects are universal. It does not follow, as the defendant argues, that if under this contract false teeth are classified as " personal effects," a corpse

* Revd., 138 Misc. 743.

would be stripped of them, in favor of a legatee, under a bequest of " personal effects." The construction of a contract is now before the court. The question here is, what the ordinary man might reasonably assume the words " personal effects " to mean, in a policy of theft insurance. (*Paskusz* v. *Philadelphia C. Co.*, 213 N. Y. 22.) In a will the same words may convey another meaning.

However, the defendant's contract was not to insure against the loss of *all* personal effects, but only such as are " usually carried by tourists and travellers, including personal jewelry and/or personal furs." This limitation makes the meaning clear. Only such personal effects are insured as are " usually *carried* by tourists and travellers, including personal jewelry and/or personal furs." This language conveys the clear intent to insure only, *first*, not *all* personal effects, but only such as are *carried*, and *second*, not *all* that are carried but only such as are *usually* carried as part of a tour or trip. False teeth are personal effects always worn and not merely as the incident of travel. They are not " carried." Whilst in a general way, one carries one's person and all that is attached to it, such carriage is of an intransitive character. The verb " carry " is used in its active transitive sense, and connotes transportation of such personal effects as are the incident of travel. The loss here was not contemplated by the policy.

Judgment for the defendant.